DECISION
Plaintiffs appeal Defendant's notice denying 5.66 acres from forestland special assessment. A trial was held in the Oregon Tax Courtroom, Salem, Oregon, on Wednesday, November 19, 2008. Don Tucker (Plaintiff) appeared on behalf of Plaintiffs. Steve Nasset, Appraiser, Lane County Department of Assessment and Taxation, appeared on behalf of Defendant.
 I. STATEMENT OF FACTS
Plaintiffs' subject property, identified as Accounts 1671500 and 1708187, was part of a large parcel designated forestland and subject to special assessment. In 2000, the owners of the parcel filed a Declaration of Covenants, Conditions, Restrictions for Ranch View Estates (Declaration) for the new subdivision. After the Declaration was filed, Plaintiffs purchased the subject property. The Declaration states that "the whole of the Ranch View Estates to be subject to the covenants, conditions, and restrictions, contained herein * * * shall run with the land and shall bind Declarants and each successor in interest as to any parcel or portion of Ranch View *Page 2 
Estates, including without limitation fee simple owners . . ." (Def's Ex A at 1.) The parties agree that the subject property is subject to the Declaration.
In May 2008, David W. Evans (Evans) concluded that Plaintiffs' subject property was "no longer in a qualifying use * * * [b]ecause of deed restrictions by the CC R's for Ranch View Estates document 2000-063258 the property does not meet the requirements of ORS 321.257(2) to be classified as forestland." (Def's notice dated May 8, 2008.) Nasset testified that the subject property "received the special assessment as a carry-over" of the parcel which was designated forestland.
Evans wrote that "it is clearly the county assessor's responsibility to review all `relevant evidence' to determine if the land is properly classifiable as forestland." (Def's Statement of Facts at 2.) Evans set forth the following argument:
 "PLAINTIFF'S PROPERTY IS NOT FORESTLAND BECAUSE THE PROPERTY IS NOT BEING HELD FOR THE PREDOMINANT PURPOSE OF GROWING AND HARVESTING TREES AS DEMONSTRATED BY THE EXISTANCE OF DEED RESTRICTIONS THAT PROHIBIT AND/OR RESTRICT THE HARVESTING OF TREES, PROHIBIT ANY COMMERCIAL OR INDUSTRIAL USE TO THE LAND AND IS RESTRICTED TO A RESIDENTIAL USE."
(Id.)
Evans provided the following explanation:
 "[T]he subject property is not properly classifiable as forestland due to the presence of the definite deed restrictions. It is not reasonable to assume harvest is possible, thus a predominate purpose, when it is at the discretion of neighboring land owners, by committee approval, for harvesting trees of greater than a 12 inch diameter and the outright restriction of the harvesting of trees over a 40 inch diameter or trees buffering a neighboring parcel."
(Id.) *Page 3 
Tucker testified that the Architectural Committee voted to remove the plan and approval requirement for trees "greater than a 12 inch diameter." He stated that the new Declaration will be filed and recorded with the county at the conclusion of Plaintiffs' appeal.
Nasset testified that, when he visited the subject property in April 2008, he observed that the subject property was "marginally stocked" and "competing vegetation, specifically scotch broom and blackberries" threatened the ability of the trees to "grow free." He put his concerns in writing to Plaintiffs. Nasset testified that he thought those concerns "were correctable." Tucker testified that his goal was to "maintain a viable woodlot" and he "removed all the scotch broom" and is "managing the blackberries."
Tucker testified that it was "never the intent of the [Architectural] Committee to preclude forest deferral." He stated that the committee charged him with finding out what changes the committee needs to make to the Declaration to "emphasize that the predominant purpose" is growing and harvesting trees of a marketable species.
 II. ANALYSIS
Plaintiffs appeal Defendant's disqualification of their land from forestland special assessment. When the legislature enacted the special assessment of western Oregon forestland, the program was established "as a means of:
 "(a) Recognizing the long-term nature of the forest crop and fostering the public policy of Oregon to encourage the growing and harvesting of timber.
 "(b) Protecting the public welfare by assuring that the citizens of the state and future generations shall have the benefits to be derived from the continuous production of forest products from private forestlands."
ORS 321.262(2).[1] To qualify for special assessment, the following statutory definition of forestland must be met: *Page 4 
 "land in western Oregon that is being held or used for the predominant purpose of growing and harvesting trees of a marketable species and has been designated as forestland or land in western Oregon, the highest and best use of which is the growing and harvesting of such trees.
ORS 321.257(2). The parties agree that Plaintiffs' land is, or is capable of, growing trees of a marketable species.
Defendant's underlying reason for its disqualification of the subject property from forestland deferral is the Declaration which sets forth requirements, regulations and remedies that are contrary to statutory requirements. For example, the Declaration provision entitled "Residential Use" states that "[n]o parcel subject to this Declarationshall be used for any purpose other than for the construction and occupancy of a single-family residence and related uses. * * * Nocommercial or industrial use of the property is allowed." (Def's Ex A at 2 (emphasis added).) The Declaration restricts the use of the parcel to a single-family residence and prohibits commercial use of the property. The statutory use requirement "for the predominant purpose of growing and harvesting trees" would be in direct violation of the Declaration. Even though Plaintiffs' primary residence is located on a portion of the subject property, the parties agree that the remaining land is sufficient to grow trees of a marketable species that can be harvested. The land would allow both activities, but the Declaration, as written and recorded, restricts use to a single-family residence.
Defendant expressed concern that the Declaration provision entitled "Vegetation" requires Architectural Committee approval of a plan to remove "trees with a diameter of greater than 12 inches." (Def's Ex A at 3.) Evans concluded that "[i]t is not reasonable to assume harvest is possible, thus a predominate purpose, when it is at the discretion of neighboring land owners, by committee approval, for harvesting trees of greater than a 12 inch diameter and the outright restriction of the harvesting of trees over a 40 inch diameter or trees buffering a *Page 5 
neighboring parcel." (Def's Statement of Facts at 2.) Further, Evans was concerned that the "Nuisance" provision, stating that "[n]o noxious or offensive activity shall be carried out upon any parcel of Ranch View Estates," could be construed by a landowner to prohibit tree harvesting. (Def's Ex A at 4.) Each of those Declaration provisions, when coupled with the right of each property owner to "enforce" those particular provisions "by injunction (prohibitive or mandatory), preliminary injunction or temporary restraining order pursuant to Oregon Rule of Civil Procedure 79, or by a claim for specific enforcement," are in conflict with the harvesting requirement. (Def's Ex A at 4.)
The Declaration which both benefits and burdens the subject property interferes with the legislative purpose of the forestland special assessment program. The Declaration does not permit Plaintiffs to hold or use the subject property "for the predominant purpose of growing and harvesting trees."
 III. CONCLUSION
To qualify for forestland special assessment, the land must be "held or used for the redominant purpose of growing and harvesting trees of a marketable species."
ORS 321.257(2). After careful review of the evidence, the court concludes that, even though the subject property could be held or used by Plaintiffs for the predominant purpose of growing and harvesting trees, Plaintiffs' property is subject to the Declaration which limits the use to a single-family residence and related uses and restricts harvesting and related activities. The *Page 6 
Declaration's limited use and restrictions which govern the subject property are in conflict with the statutory requirements of ORS321.257(2). Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.
Dated this ___ day of January 2009.
[1] Unless otherwise stated, references to the Oregon Revised Statutes (ORS) are to year 2007. *Page 1